UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:_____

AMANDA JONES
    Plaintiff,

v.

KLEWIN CONSTRUCTION, INC.,
a Florida Profit Corporation, individually;
KYLE C. KLEWIN, individually;
TYLER G. KLEWIN, individually;
SEAN COMPTON, individually;

    Defendants.
_____/

## COMPLAINT

Plaintiff, AMANDA JONES ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant, KLEWIN CONSTRUCTION, INC., a Florida Profit Corporation, individually; KYLE C. KLEWIN, individually; TYLER G. KLEWIN, individually; and SEAN COMPTON, individually; collectively ("Defendants"), and alleges as follows:

1. This is an action for damages that exceeds $15,000.00 exclusive of interest, attorney's fees and costs or costs for Defendants' violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA").

2. Plaintiff was at all times relevant to this action, working for Defendant in Miami-Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FMLA.

3. Defendant, KLEWIN CONSTRUCTION, INC., a Florida Profit Corporation, having its main place of business in Miami-Dade County, Florida where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

4. Defendant, KYLE C. KLEWIN, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, KLEWIN CONSTRUCTION, INC.

5. Defendant, TYLER G. KLEWIN, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, KLEWIN CONSTRUCTION, INC.

6. Defendant, SEAN COMPTON, is a supervisor of, and exercised operational control over the activities of, corporate Defendant, KLEWIN CONSTRUCTION, INC.

7. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County and payment was due in Miami-Dade County.

8. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

9. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. At all times relevant, Plaintiff, Plaintiff performed work as a non-exempt employee from or about August 11, 2014, through on or about March 19, 2015.

11. Throughout her employment with Defendant, Plaintiff performed her duties in an exemplary fashion.

12. Plaintiff is an individual with epilepsy.

13. On or about September 2014, Plaintiff verbally notified her direct supervisor, Sean Compton, of her epilepsy.

14. On or about the beginning of March, 2015, Plaintiff informed the Human Resources Manager, Rebecca Llanes, of her disability.

15. On or about March 12, 2015, Plaintiff was in a car accident and went to Mount Sinai, but was not checked out.

16. The following week, on or about Wednesday, March 18, 2015; Plaintiff took a half day to visit her neurosurgeon.

17. Due to the Doctor's concern about her epilepsy and under medical recommendation, on or about Wednesday, March 19, 2015; Plaintiff contacted Mrs. Llanes to request Friday, March 20, 2015 off. Mrs. Llanes instructed Plaintiff to write an e-mail requesting the day off. Within thirty minutes of Plaintiff sending the e-mail requesting the day off, as her Doctor has ordered, without cause or forewarning, Mrs. Llanes terminated Plaintiff's employment.

## COUNT I
### *Interference with Rights Under The FMLA*

18. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. Plaintiff is an individual entitled to protection under the FMLA.

20. Plaintiff is an employee within the meaning of the FMLA.

21. Plaintiff engaged in protected activity within the meaning of the FMLA.

22. Defendant's actions interfered with Plaintiff's lawful exercise of FMLA rights.

23. Defendant's actions constitute violations of the FMLA.

24. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Retaliation Under the FMLA*

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

26. Plaintiff is an individual entitled to protection under the FMLA.

27. Plaintiff is an employee within the meaning of the FMLA.

28. Plaintiff engaged in protected activity within the meaning of the FMLA.

29. Defendant retaliated against Plaintiff for exercising rights protected under the FMLA.

30. Defendant's actions constitute a violation of the FMLA.

31. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, front pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1-17 of this complaint as if set out in full herein.

33. Despite knowing that Plaintiff has the proper medical records to prove that she suffers from epilepsy and that the Doctor was the one who suggested to request a day off; Defendant, by and through its Human Resources Manager, Rebecca Llanes; deliberately and recklessly terminated Plaintiff's employment.

34. The acts described herein of Defendant by and through its agents constitute outrageous conduct against Plaintiff.

5

35. Defendant's, by and through its agents, offensive actions were conducted in their individual capacities.

36. Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency.

37. Defendant by and through its agents intended to cause Plaintiff to suffer emotional distress, or, in the alternative, Defendant by and through its agents engaged in the conduct with reckless disregard of the high probability of causing Plaintiff to suffer emotional distress.

38. Defendant's conduct was atrocious and utterly intolerable in a civilized community.

39. Indeed, Defendant's despicable conduct resulted in severe emotional distress to Plaintiff.

40. Defendant accordingly inflicted mental suffering on Plaintiff in a deliberate and reckless manner.

41. As a result of the egregious conduct perpetrated by Defendant against Plaintiff, Plaintiff has experienced and will continue to experience significant emotional anguish, pain and suffering and loss of dignity damages.

42. Defendant by and through its agents' outrageous conduct constitutes intentional infliction of emotional distress and is actionable under the laws of the State of Florida. Plaintiff is entitled to compensatory and punitive damages in amounts to be ascertained at trial.

**WHEREFORE**, Plaintiff prays for the entry of a judgment against Defendant and an award of emotional distress damages as a result of Defendant's misconduct.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: 10/20/16

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler St., Suite 2200
Miami, FL 33130
Telephone: 305-416-5000
Facsimile: 305-416-5005
agp@rgpattorneys.com
apetisco@rgpattorneys.com
rregueiro@rgpattorneys.com
pn@rgpattorneys.com